2016 IL App (1st) 141013

SECOND DIVISION
February 16, 2016

No. 1-14-1013

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 17661 |
| | ) | |
| MARCHELLO McGEE, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Simon and Hyman concurred in the judgment and opinion.

## OPINION

¶ 1    A jury convicted defendant Marchello McGee of armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2012)) and unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2012)). An essential element of the offense of AHC is proof that the defendant was previously convicted of at least two felonies enumerated in the statute. An essential element of the offense of UUWF is proof that the defendant was previously convicted of any felony under the laws of this State or of any other jurisdiction. The question presented here is whether a conviction under the portion of the aggravated unlawful use of a weapon (AUUW) statute found

to be unconstitutional under *People v. Aguilar*, 2013 IL 112116, and *People v. Burns*, 2015 IL 117387, can be used to establish an element of the offense of AHC or UUWF.

¶ 2                                    BACKGROUND

¶ 3     Defendant was charged with nine counts of possessing a firearm and ammunition on or about September 11, 2012. Seven counts were nol-prossed before trial.[1] The State proceeded to trial on two counts. Count one alleged that defendant committed the offense of AHC in that he possessed a firearm "after having been convicted of [UUWF] under case number 08CR13500 and [AUUW] under case number 07CR5014." See 720 ILCS 5/24-1.7 (West 2012). Count two alleged that defendant committed the offense of UUWF in that he possessed a firearm "after having been previously convicted of the felony offense of [UUWF], under case number 08CR13500." See 720 ILCS 5/24-1.1(a) (West 2012). Defendant was convicted of both counts. The convictions merged and defendant was sentenced to 14 years' imprisonment on the AHC conviction.

¶ 4                                    ANALYSIS

¶ 5     Before this court, defendant contends that his AHC and UUWF convictions must be vacated because the predicate felony convictions alleged were aggravated unlawful use of a weapon (AUUW) convictions based on statutory provisions that were declared facially

---

1       The nol-prossed charges included three counts of UUWF, alleging that defendant possessed a firearm or ammunition with the UUWF conviction in case number 08 CR 13500, and four counts of AUUW under section 24.1-1.6(a)(3)(A) or section 24-1.6(a)(3)(C) of the Criminal Code (720 ILCS 5/24-1.6(a)(3)(A) (West 2012) (firearm uncased, loaded, and immediately accessible) (720 ILCS 5/24-1.6(a)(3)(C) (West 2012) (firearm without a valid Firearm Owner's Identification Card, or FOID)).

unconstitutional in *Aguilar*. For the reasons stated below, we reverse defendant's AHC conviction, affirm the UUWF conviction and remand for sentencing.

¶ 6     To sustain a conviction for AHC, the State is required to prove that defendant possessed a firearm after having "been convicted 2 or more times of any of the following" qualifying offenses which include but are not limited to a forcible felony, AUUW and/or a Class 3 or higher drug felony. 720 ILCS 5/24-1.7(a) (West 2012). In count one, the AHC charge, the State alleged that defendant had been previously convicted of two qualifying felony offenses: a UUWF conviction under case number 08 CR 13500 and an AUUW conviction under case number 07 CR 5014.

¶ 7     To prove defendant guilty of UUWF, the State was required to prove that defendant knowingly possessed any firearm and had previously been convicted of any felony. 720 ILCS 5/24-1.1(a) (West 2012). In count two, the UUWF count, the State alleged that defendant knowingly possessed a firearm and had been previously convicted of UUWF in case number 08 CR 13500.

¶ 8     In case number 07 CR 5014, which served as one of the predicate felony offenses for the AHC charge, defendant was convicted of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d)(3) (West 2006)) committed on or about January 25, 2007, by possessing an uncased, loaded, and immediately accessible firearm while not on his own land, abode, or fixed place of business, after previously being convicted of possession of a controlled substance in case number 01 CR 790, and received a Class 2 sentence of three years' imprisonment.

¶ 9     In case number 08 CR 13500, which served as a predicate felony offense for both the ACH charge and the UUWF charge, defendant was convicted of two counts of UUWF (720

ILCS 5/24-1.1(a) (West 2008)), four counts of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (a)(1),(a) (3)(C), (a)(2),(a)(3)(A) and (a)(2),(a)(3)(c) (West 2008)), and was sentenced on all six counts to a Class 2 concurrent sentence of six years' imprisonment. The two UUWF counts alleged that defendant possessed a firearm and ammunition after having been previously convicted of AUUW in case number 07 CR 5014. The four AUUW counts consisted of: two counts alleging possession of an uncased, loaded, and immediately accessible firearm under section 24-1.6(a)(1), (a)(3)(A) and (a)(2), (a)(3)(A) and two counts alleging possession of a firearm without a valid FOID card under section 24-1.6(a)(1), (a)(3)(C) and (a)(2), (a)(3)(C). Each of the four AUUW counts in case number 08 CR 13500 alleged the conviction in case number 07 CR 5014.

¶ 10    In this case, the trial evidence established that, on the night of September 11, 2012, police officers responding to a report of a man with a rifle saw defendant on a sidewalk holding a large object and discarding it before walking away. The discarded object was immediately found to be a loaded rifle. After defendant was arrested, he did not expressly admit to possessing the rifle but told the police "I can get you two more guns if you let me walk on this rifle." The parties stipulated[2] and the jury was told "that the defendant has been convicted of two qualifying

---

[2]    During motions *in limine*, defendant argued that his prior convictions were so prejudicial that the trial should be bifurcated, with the jury first determining whether he possessed a firearm and only then being informed of the predicate felonies. The court suggested informing the jury "merely that he has been convicted of a qualifying felony, period." The State opposed bifurcation. The court denied bifurcation and reiterated that it could "simply say qualifying felony" with the case number unless defendant testified as "then I cannot do any mere-fact impeachment *** anymore." The parties agreed that the jury would be told that defendant had qualifying felony offenses with the

felonies under cases number 08 CR 13500 and 07 CR 5014." The jury found defendant guilty of AHC and UUWF. Defendant's presentence investigation report reflected, in relevant part, that he had five prior felony convictions for controlled substance offenses (two in 1999, one each in 2001, 2003, and 2004), in addition to his 2007 AUUW conviction and 2008 UUWF and AUUW convictions.

¶ 11   In its response brief filed before the ruling in *People v. Burns*, 2015 IL 117387, the State argues that defendant's merged AHC and UUWF convictions need not be reversed because the predicate felony convictions in case numbers 07 CR 5014 and 08 CR 13500 are based on the Class 2 version of AUUW, which has not been declared unconstitutional and that the merged UUWF conviction is properly based on the predicate felony of UUWF.

¶ 12   On the date of this 2012 offense, the unlawful use of a weapon (UUW) statute, with certain exceptions, essentially prohibited a person from carrying or concealing on or about his person, or in any vehicle, a firearm except when on his land or in his abode or fixed place of business (720 ILCS 5/24-1(a)(4) (West 2012)). The elements of the AUUW offense are set forth in section 24-1.6(a) (720 ILCS 5/24-1.6(a) (West 2012)) and generally prohibit possession of a firearm on or about a person or in a vehicle or on a public way or within the corporate limits of a municipality "and one of nine factors are present." *People v. Burns*, 2015 IL 117387, ¶ 23. Both the UUW and the AUUW statute prohibit the same conduct. However, the existence of any one of the additional factors enumerated in section 24-1.6(a) (720 ILCS 5/24-1.6(a) (West 2012)),

case numbers. During trial, the parties entered into the stipulation after trial counsel confirmed that "those are, in fact, his prior felony convictions."

*i.e.,* the firearm "was uncased, loaded and immediately accessible" or the defendant had not been issued a FOID card, elevates the offense classification from a misdemeanor to different levels of felony classification and corresponding punishment. 720 ILCS 5/24-1.6(d) (West 2012).

¶ 13    One's right to carry a gun outside of the home was discussed in *People v. Aguilar*, 2013 IL 112116. Our supreme court adopted the reasoning of *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), and held that the second amendment right to keep and bear arms extends beyond the home. *Aguilar*, 2013 IL 112116, ¶¶ 19-20. The court further held that, "on its face, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution" because, while "we are in no way saying that such a right is unlimited or is not subject to meaningful regulation" "we are dealing not with a reasonable regulation but with a comprehensive ban" on possessing an operable firearm outside one's home. *Id*. ¶¶ 21-22. "In other words, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) amounts to a wholesale statutory ban on the exercise of a personal right." *Id.* ¶ 21.

¶ 14    *Aguilar* was qualified in our supreme court's recent decision in *People v. Burns*, 2015 IL 117387, ¶ 22. In *Burns*, our supreme court "acknowledge[d] that our reference in *Aguilar* to a 'Class 4 form' of the [AUUW] offense was inappropriate. No such offense exists. There is no 'Class 4 form' or 'Class 2 form' of AUUW." *Id*. The *Burns* court accepted the defendant's argument that "[t]here is only one offense of AUUW based on section 24-1.6(a)(1), (a)(3)(A) and a prior felony conviction is not an element of that offense. Rather, a prior felony conviction is a sentencing factor which elevates the offense, for penalty purposes, from a Class 4 felony to a

Class 2 felony." *Id.* ¶ 20. Our supreme court clarified that Class 2 AUUW-that is, AUUW committed by a felon-is unconstitutional under the same circumstances and statutory provisions as Class 4 AUUW expressly addressed in *Aguilar* and therefore held that "section 24-1.6(a)(1), (a)(3)(A) of the statute is facially unconstitutional, without limitation," because "[i]t would be improper for this court to condition the constitutionality of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute on the State's proof of a defendant's felon status when the legislature did not make that requirement an element of the offense." *Id.* ¶¶ 25, 30.

¶ 15    *Burns* did not alter the core result in *Aguilar*. Second amendment rights remain protected by the scope of the *Aguilar* ruling. However, *Burns* did remove any question as to its applicability:  every person is protected without regard to their criminal background. *Burns,* 2015 IL 117387, ¶ 32 (section 24-1.6(a)(1), (a)(3)(A) "is not enforceable against anyone") .

¶ 16    After *Aguilar*, but before *Burns*, this court considered the issue raised here: whether a conviction for UUWF may stand where the defendant's predicate felony as alleged in the charging document is based on a conviction for a UUW or AUUW offense that is facially unconstitutional under *Aguilar*. In *People v. McFadden*, 2014 IL App (1st) 102939, *appeal allowed*, No. 117424 (Ill. May 28, 2014), we vacated a UUWF conviction where the predicate felony alleged and proven in the charging document was Class 4 AUUW. We agreed with the defendant that "under *Aguilar*, the State could not rely on this now-void conviction to serve as a predicate offense for UUW by a felon" and thus "failed to prove an essential element of the offense." *Id.* ¶ 38. Because a prior felony conviction is an element of UUWF that must be proven beyond a reasonable doubt by the State, we held that a void conviction for "the Class 4 form" of AUUW found unconstitutional in *Aguilar* cannot serve as a predicate offense. *Id.* ¶¶ 42-43

(citing *People v. Walker*, 211 Ill. 2d 317 (2004)). While we found that "because defendant's case is pending on direct appeal in this court, \*\*\* we cannot ignore *Aguilar*'s effects on his conviction for UUW by a felon," we refrained from "vacating defendant's [predicate] AUUW conviction \*\*\* pursuant to *Aguilar*" and "decline[d] to address whether formal proceedings for collateral relief may be available to defendant to vacate his conviction in that [predicate] case." *Id*. ¶¶ 41, 44.

¶ 17    In *People v. Fields*, 2014 IL App (1st) 110311, the defendant argued that his AHC conviction must be reversed in light of *Aguilar*; that is, because his prior conviction for AUUW under section 1.6(a)(3)(A) is void under *Aguilar*, the State could not rely on that conviction as a predicate offense for armed habitual criminal so that the State failed to prove an element of the offense of armed habitual criminal. *Id*. ¶¶ 38-39. We held that:

> "[W]e cannot allow defendant's 2005 Class 4 AUUW conviction, which we now know is based on a statute that was found to be unconstitutional and void *ab initio* in *Aguilar*, to stand as a predicate offense for defendant's armed habitual criminal conviction, where the State is required to prove each element of the Class 4 AUUW beyond a reasonable doubt. A void conviction for the Class 4 form of AUUW found to be unconstitutional in *Aguilar* cannot now, nor can it ever, serve as a predicate offense for any charge. Because the issue was raised while defendant's appeal was pending, we are bound to apply *Aguilar* and vacate defendant's armed habitual criminal conviction because the State could not prove an element of the offense of armed habitual criminal through the use of a predicate felony conviction that is void *ab initio*." *Id*. ¶ 44.

¶ 18    In *Fields* and *McFadden*, we specifically found that we would consider the validity of the predicate felony in deciding the case on appeal, however, we would not issue collateral findings as they relate to the predicate offense. *Id*. ¶ 45 ("we are not vacating defendant's [predicate] AUUW conviction *** pursuant to *Aguilar*. We decline to address whether formal proceedings for collateral relief may be available to defendant to vacate his 2005 felony UUW conviction."); see also *McFadden*, 2014 IL App (1st) 102939, ¶ 44.

¶ 19    We note that *McFadden* and *Fields* were decided prior to *Burns* and therefore this court only considered the effect that the "Class 4" version of the AUUW statute found to be unconstitutional in *Aguilar* had on McFadden's and Fields' convictions. We now know from *Burns* that *any* conviction under section 24-1.6(a)(1), (a)(3)(A) is unconstitutional and therefore void *ab initio*. *Burns*, 2015 IL 117387, ¶ 25.

¶ 20    A statute declared unconstitutional on its face is void *ab initio. People v. Mosley*, 2015 IL 115872, ¶ 55. We followed this principle in *Fields* and *McFadden*, finding that we would consider the effect of the validity of the predicate conviction on the conviction under review while declining to grant relief upon the prior conviction itself. We find that the clear effect of *Aguilar* and *Burns* in conjunction with the rulings in *Mosley* (void *ab initio*) and *Walker* (predicate felony as element of UUWF) is that an AUUW conviction unconstitutional under *Aguilar* and *Burns* is void *ab initio*, irrespective of the sentencing classification assigned to that conviction, and cannot serve as the elemental predicate felony for AHC or UUWF. The result is that this court must find an element of the offense unproven. "In sum, we agree with *Fields* and *McFadden*." *People v. Claxton*, 2014 IL App (1st) 132681, ¶ 16; see also *People v. Richardson*, 2015 IL App (1st) 130203, ¶ 24 (distinguishing a conviction under a facially unconstitutional

statute from convictions suffering other constitutional infirmities); *People v. Cowart*, 2015 IL App (1st) 113085, ¶¶ 17, 45, 49 (following *Fields* to reverse AHC conviction where one of two predicate convictions was facially unconstitutional).

¶ 21    In view of the foregoing, we review defendant's convictions. In count one defendant was charged with AHC which required the State to plead and prove the essential element of at least two enumerated prior felony convictions. The State alleged and proved by way of stipulation that defendant was previously convicted of a "qualifying" felony in case number 07 CR 5014 and case number 08 CR 13500.

¶ 22    The felony conviction defendant obtained in case number 07 CR 5014, that the State used as an element of the offense AHC, is void *ab initio* under *Aguilar a*nd *Burns*. In case number 07 CR 5014, defendant was convicted of felony AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)) because he possessed an uncased, loaded, and immediately accessible firearm while not on his own land or fixed place of business after being convicted of felony possession of a controlled substance in case number 01 CR 790. *Aguilar* and subsequently *Burns*, make clear that any conviction under section 24-1.6(a)(1), (a)(3)(A) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)) is unconstitutional regardless of  defendant's status as a felon or the resulting sentence classification. *Burns*, 2015 IL 117387, ¶ 22. A prior felony conviction is not an element of the offense of AUUW, but merely a factor to be used in enhancing the sentence. *Id*. Hence, the predicate felony drug conviction (case number 01 CR 790) was not a valid constitutional basis to criminalize defendant's firearm possession under section 24-1.6(a)(1), (3)(A) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2006))  in case number 07 CR 5014. Following the rationale and precedent of *Mosley, Walker, Fields* and *McFadden,* because the conviction in case number 07

CR 5014 is void *ab initio* it cannot serve as proof of an essential element of one of two prior felony convictions necessary to prove the offense of AHC as charged in count one. Thus, because the State alleged only two prior felony convictions, and one of those convictions is fatally defective, the State failed to prove an essential element of the offense of AHC. We vacate defendant's conviction on count one.

¶ 23     Turning to count two, the defendant was charged with UUWF (720 ILCS 5/24-1.1(a) (West 2012)) in that he possessed a firearm "after having been previously convicted of the felony offense of [UUWF], under case number 08 CR 13500." Defendant claims this UUWF conviction is also invalid because the predicate felony conviction (No. 07 CR 5014) in case number 08 CR 13500 is also constitutionally invalid under *Aguilar* and *Burns.* However, an examination of defendant's conviction under case number 08 CR 13500, the UUWF statute and the evidence submitted to the jury does not support defendant's argument.

¶ 24     First, as previously noted, under the UUWF statute it is unlawful for a felon to possess a firearm. 720 ILCS 5/24-1.1(a) (West 2012). Unlike the AHC offense, which proscribes firearm possession by persons convicted of certain enumerated and specified felonies, the UUWF statute proscribes firearm possession by *any felon* without regard to the nature or type of felony conviction. 720 ILCS 5/24-1.1(a) (West 2012). "[This] statute *** does not require proof of a specific felony conviction. Thus, to prove a violation of section 24-1.1, the prosecutor must establish only the defendant's felon status." *People v. Walker*, 211 Ill. 2d 317, 337 (2004).

¶ 25     Because the State is merely required to prove defendant's status as a felon, we find the language in count two that describes the elemental predicate felony as "[UUWF], under case number 08 CR 13500" to be surplusage. We find that the defendant was not prejudiced from the

allegation that the type of predicate felony alleged in the instant charge was "UUWF" or that a specific case number was used. *People v. Espinoza*, 2015 IL 118218, ¶ 38 (due process requires that charging instrument adequately notify a defendant of the offense charged with sufficient specificity to enable a proper defense); *People v. Reese*, 2015 IL App (1st) 120654, ¶ 94 (variance between allegations and proof at trial is fatal only if it is material and either exposes defendant to double jeopardy or may mislead him in making his defense; where charge includes all essential elements of offense, other matters unnecessarily added may be deemed surplusage).

¶ 26    Removing this surplusage, count two charged the defendant with possession of a firearm "after having been previously convicted of the [*sic*] felony offense." The State proved by stipulation one felony required for this charge: a felony conviction under case number 08 CR 13500. An essential element of proof was that the defendant's status as a felon be established beyond a reasonable doubt, not that a particular or specific felony be proved or that the felony was charged under a specific or indentified case number. In case number 08 CR 13500, defendant was convicted of six firearm related felony counts, of which four were for AUUW. Two of those counts were for possession of a firearm without a valid FOID card under section 24-1.6(a)(1), (a)(3)(C) (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2006)). Our supreme court has found AUUW based on not having a valid FOID card under section 24-1.6(a)(1), (a)(3)(C) to be constitutional and severable from the unconstitutional "forms" of AUUW. *People v. Mosley*, 2015 IL 115872, ¶¶ 31, 36. Thus, the defendant had a constitutionally valid qualifying felony conviction in case number 08 CR 13500 that proscribed his possession of a rifle on September 11, 2012.  Accordingly, we find that the State proved all the elements of the merged conviction for UUWF so that the jury's guilty verdict for that offense stands. *People v. Reese*, 2015 IL App

(1st) 120654, ¶ 94 (where charge includes all essential elements of offense, other matters unnecessarily added may be deemed surplusage).

¶ 27    We affirm defendant's conviction for UUWF. Because the trial court did not impose sentence on the UUWF verdict due to merger, we remand for sentencing on count two.

¶ 28                          CONCLUSION

¶ 29    For the foregoing reasons, we vacate defendant's conviction for AHC, affirm his conviction for UUWF, and remand this cause for sentencing on that conviction.

¶ 30    Affirmed in part; vacated in part; cause remanded.