# Illinois Official Reports

## Appellate Court

---

### *People v. Perkins*, 2016 IL App (1st) 150889

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GREGORY PERKINS, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-15-0889 |
| Filed | August 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-19249; the Hon. James B. Linn, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Sara McGann, Assistant State's Attorneys, of counsel), for the People.<br><br>Michael J. Pelletier, Patricia Mysza, and Michael Gomez, all of State Appellate Defender's Office, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Fitzgerald Smith and Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1    On October 17, 2010, defendant Gregory Perkins was arrested while in possession of a firearm. After a bench trial, Perkins was convicted of several offenses, including armed habitual criminal, unlawful possession of a weapon and firearm ammunition by a felon (UUWF), aggravated unlawful use of a weapon (AUUW), and failure to possess a valid firearm owner's identification (FOID) card. The trial court merged all of the counts and sentenced Perkins to seven years' imprisonment on the armed habitual criminal count. The predicate convictions for these offenses included Perkins' earlier convictions for UUWF and AUUW.

¶ 2    Perkins voluntarily dismissed his appeal and later failed to appeal the dismissal of a *pro se* petition seeking relief from judgment. On June 6, 2014, Perkins filed a petition seeking relief under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2014). Citing our supreme court's decision in *People v. Aguilar*, 2013 IL 112116, Perkins sought to vacate his convictions other than those premised on his failure to possess a valid FOID card, arguing that because *Aguilar* held the Class 4 form of the AUUW statute unconstitutional on its face and void *ab initio*, the State could not prove the predicate offenses underlying these convictions. The trial court agreed and, in particular, found that Perkins' earlier AUUW and UUWF convictions could not serve as the predicate for his armed habitual criminal, UUWF and AUUW convictions and that, as a result, Perkins was entitled to be sentenced as a Class 2 offender.

¶ 3    After the State's motion to reconsider was denied, the State appealed pursuant to Illinois Supreme Court Rule 651(a) (eff. Feb. 6, 2013). See also *People v. Andson*, 73 Ill. App. 3d 700, 702 (1979) ("[T]he People have the right to appeal to the appellate court from final judgments in post-conviction cases.").

¶ 4    On June 16, 2016, our supreme court decided *People v. McFadden*, 2016 IL 117424, a direct appeal from a UUWF conviction predicated on defendant's possession of a firearm at a time when he had previously been convicted of AUUW. Like Perkins here, the defendant in *McFadden* argued that *Aguilar* prevented the State's use of a prior AUUW conviction to establish the predicate for the UUWF charge, notwithstanding that the prior conviction had not been vacated.

¶ 5    Reversing our decision in *People v. McFadden*, 2014 IL App (1st) 102939, which vacated defendant's UUWF conviction on this basis, the supreme court concluded that defendant's status as a felon was not affected by *Aguilar* and that unless and until the prior conviction was vacated, the prior felony conviction precluded defendant from possessing a firearm. *McFadden*, 2016 IL 117424, ¶ 31 ("Although *Aguilar* may provide a basis for vacating defendant's prior 2002 AUUW conviction, *Aguilar* did not automatically overturn that judgment of conviction. Thus, at the time defendant committed the UUW by a felon offense, defendant had a judgment of conviction that had not been vacated and that made it unlawful for him to possess firearms."). We afforded the parties the opportunity to address *McFadden*'s impact on this case.

¶ 6    Perkins first argues that *McFadden*'s reasoning was limited to the offense of UUWF, which requires the State to prove only defendant's status as a convicted felon. 720 ILCS 5/24-1.1(a) (West 2014) (prohibiting possession of a firearm by any person "if the person has been convicted of a felony under the laws of this State or any other jurisdiction"); *People v.*

*Walker*, 211 Ill. 2d 317, 337 (2004) (State need only establish "defendant's felon status" and statute "does not require proof of a specific felony conviction"). According to Perkins, UUWF imposes a "status-based disability" that precludes any convicted felon from possessing a firearm. In contrast, because the offense of armed habitual criminal requires the State to prove that the defendant was convicted of specific enumerated offenses, Perkins contends that the offense "imposes a conduct-based disability by allowing for harsher punishment based on a defendant's commission of specific acts." See 720 ILCS 5/24-1.7(a) (West 2014) (person commits offense of armed habitual criminal if that person possesses any firearm "after having been convicted a total of 2 or more times" of enumerated offenses, including UUWF and AUUW). Perkins reasons that because the *conduct* of which he was previously convicted—possession of a firearm—was constitutionally protected, it cannot serve as a predicate for his armed habitual criminal conviction.

¶ 7    We find this to be a distinction without a difference. In order to sustain its burden to prove that a defendant is an armed habitual criminal, the State need only prove the fact of the prior convictions of enumerated offenses (*id.*; see *People v. Tolentino*, 409 Ill. App. 3d 598, 607 (2011) (sufficient for State to present certified copies of defendant's prior convictions for qualifying offenses)), just as the State need only prove the fact of a prior felony conviction to support a UUWF conviction. Nothing in the armed habitual criminal statute requires a court to examine a defendant's underlying conduct in commission of the enumerated offenses[1] in order to find that the State has sustained its burden of proof. And because here, as in *McFadden*, Perkins' prior convictions had not been vacated prior to his armed habitual criminal conviction, they could properly serve as predicates for that conviction.

¶ 8    Perkins next argues that we need not follow *McFadden* because the United States Supreme Court decisions in *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), and *Ex parte Siebold*, 100 U.S. 371 (1879), which were not addressed in *McFadden*, constitute binding authority and mandate that his armed habitual criminal conviction be vacated. In *Montgomery*, the Supreme Court held that the prohibition against mandatory life sentences without parole for juvenile offenders articulated in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), was a substantive rule of constitutional law entitled to retroactive effect on collateral review. *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 734. Perkins reasons that *Aguilar* is entitled to the same retroactive effect and that the State's reliance on his prior UUWF and AUUW convictions violates *Montgomery's* central premise: "There is no grandfather clause that permits States to enforce punishments the Constitution forbids. To conclude otherwise would undercut the Constitution's substantive guarantees." *Id.* at ___, 136 S. Ct. at 731.

¶ 9    Perkins contends that our supreme court "ignored" the decision in *Montgomery*. But as the State points out, prior to oral argument in *McFadden*, counsel sought and was granted leave to cite *Montgomery* as additional authority. In that motion, counsel advanced the same arguments presented here. In response, the State argued, as it does here, that *Montgomery* posed no constitutional impediment to affirmance of defendant's UUWF conviction given that defendant was not seeking to vacate his prior conviction (relief that, if sought, the State would

---

[1]The exception in the statute relates to prior convictions involving unenumerated "forcible felonies," as to which the State must demonstrate that the felony of which defendant was convicted falls into that category (see, *e.g.*, *People v. Belk*, 203 Ill. 2d 187, 196 (2003); *People v. Greer*, 326 Ill. App. 3d 890, 894 (2002)), an issue not presented here.

not oppose), but instead was challenging his status as a convicted felon at the time of his trial. The State argued that in this context, *Lewis v. United States*, 445 U.S. 55, 60-62 (1980), which held that a defendant's failure to vacate a prior felony conviction on grounds that it was unconstitutional was fatal to a challenge to a felon-in-possession conviction, controlled. We agree with the State.

¶ 10        At the time of Perkins' armed habitual criminal conviction, he had prior UUWF and AUUW convictions. Because those convictions had not been vacated at the time Perkins possessed a firearm on October 17, 2010, they could properly serve as the predicates for his armed habitual criminal conviction. Consequently, we reverse the judgment of the circuit court of Cook County granting Perkins' postconviction petition.

¶ 11        Reversed.