# Illinois Official Reports

## Appellate Court

---

### *People v. McGee*, 2017 IL App (1st) 141013-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCHELLO McGEE, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-14-1013 |
| Filed | June 13, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-17661; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Adrienne N. River, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justice Simon concurred in the judgment and opinion.<br>Presiding Justice Hyman specially concurred, with opinion. |

**OPINION**

¶ 1   A jury convicted defendant Marchello McGee of armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2012)) and unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2012)). An essential element of the offense of AHC is proof that the defendant was previously convicted of at least two felonies enumerated in the statute. An essential element of the offense of UUWF is proof that the defendant was previously convicted of any felony under the laws of this State or of any other jurisdiction. The question presented here is whether a conviction under the portion of the aggravated unlawful use of a weapon (AUUW) statute found to be unconstitutional under *People v. Aguilar*, 2013 IL 112116, and *People v. Burns*, 2015 IL 117387, can be used to establish an element of the offense of AHC or UUWF. *People v. McGee*, 2016 IL App (1st) 141013. We determined that under the facts of this case, defendant's conviction for AUUW could not be used to establish an element of the offense of AHC but could be used to establish an element of the offense of UUWF. *Id.* Accordingly, we vacated defendant's conviction for AHC, affirmed his conviction for UUWF, and remanded for sentencing on that conviction because the trial court did not impose a sentence on the UUWF verdict due to merger. *Id.* ¶ 29.

¶ 2   In a September 28, 2016, supervisory order, our supreme court instructed us to vacate our judgment in *People v. McGee*, 2016 IL App (1st) 141013, and to determine whether in light of *People v. McFadden*, 2016 IL 117424, a different result is warranted. *People v. McGee*, No. 120590 (Ill. Sept. 28, 2016) (supervisory order). The parties were allowed to file supplemental briefs with respect to the *McFadden* decision. Upon recommendation, we now vacate our previous judgment and enter this opinion in its stead.

¶ 3                                         BACKGROUND

¶ 4   Defendant was charged with nine counts of possessing a firearm and ammunition on or about September 11, 2012. Seven counts were nol-prossed before trial.[1] The State proceeded to trial on two counts. Count I alleged that defendant committed the offense of AHC in that he possessed a firearm "after having been convicted of [UUWF] under case number 08CR13500 and [AUUW] under case number 07CR5014." See 720 ILCS 5/24-1.7 (West 2012). Count II alleged that defendant committed the offense of UUWF in that he possessed a firearm "after having been previously convicted of the felony offense of [UUWF], under case number 08CR13500." See 720 ILCS 5/24-1.1(a) (West 2012). Defendant was convicted of both counts. The convictions merged and defendant was sentenced to 14 years' imprisonment on the AHC conviction.

---

[1]The nol-prossed charges included three counts of UUWF, alleging that defendant possessed a firearm or ammunition with the UUWF conviction in case No. 08 CR 13500 (720 ILCS 5/24-1.1 (West 2012)), and four counts of AUUW under section 24-1.6 of the Criminal Code of 2012 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A); (a)(2), (a)(3)(A) (West 2012) (firearm uncased, loaded, and immediately accessible); 720 ILCS 5/24-1.6(a)(1), (a)(3)(C); (a)(2), (a)(3)(C) (West 2012) (firearm without a valid Firearm Owner's Identification Card)).

¶ 6        Before this court, defendant contends that his AHC and UUWF convictions must be vacated because the predicate felony convictions alleged were aggravated unlawful use of a weapon (AUUW) convictions based on statutory provisions that were declared facially unconstitutional in *Aguilar*. For the reasons stated below, we affirm.

¶ 7        To sustain a conviction for AHC, the State is required to prove that defendant possessed a firearm after having "been convicted a total of 2 or more times of any combination of the following" qualifying offenses, which include, but are not limited to, a forcible felony, AUUW, and/or a Class 3 or higher drug felony. 720 ILCS 5/24-1.7(a) (West 2012). In count I, the AHC charge, the State alleged that defendant had been previously convicted of two qualifying felony offenses: a UUWF conviction under case No. 08 CR 13500 and an AUUW conviction under case No. 07 CR 5014.

¶ 8        To prove defendant guilty of UUWF, the State was required to prove that defendant knowingly possessed any firearm and had previously been convicted of any felony. 720 ILCS 5/24-1.1(a) (West 2012). In count II, the UUWF count, the State alleged that defendant knowingly possessed a firearm and had been previously convicted of UUWF in case No. 08 CR 13500.

¶ 9        In case No. 07 CR 5014, which served as one of the predicate felony offenses for the AHC charge, defendant was convicted of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2006)) committed on or about January 25, 2007, by possessing an uncased, loaded, and immediately accessible firearm while not on his own land, abode, or fixed place of business, after previously being convicted of possession of a controlled substance in case No. 01 CR 790, and received a Class 2 sentence of three years' imprisonment.

¶ 10       In case No. 08 CR 13500, which served as a predicate felony offense for both the AHC charge and the UUWF charge, defendant was convicted of two counts of UUWF (720 ILCS 5/24-1.1(a) (West 2008)) and four counts of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A); (a)(1), (a)(3)(C); (a)(2), (a)(3)(A); (a)(2), (a)(3)(C) (West 2008)) and was sentenced on all six counts to a Class 2 concurrent sentence of six years' imprisonment. The two UUWF counts alleged that defendant possessed a firearm and ammunition after having been previously convicted of AUUW in case No. 07 CR 5014. The four AUUW counts consisted of two counts alleging possession of an uncased, loaded, and immediately accessible firearm under section 24-1.6(a)(1), (a)(3)(A) and section 24-1.6(a)(2), (a)(3)(A) and two counts alleging possession of a firearm without a valid Firearm Owner's Identification Card (FOID card) under section 24-1.6(a)(1), (a)(3)(C) and section 24-1.6(a)(2), (a)(3)(C). Each of the four AUUW counts in case No. 08 CR 13500 alleged the conviction in case No. 07 CR 5014.

¶ 11       In this case, the trial evidence established that, on the night of September 11, 2012, police officers responding to a report of a man with a rifle saw defendant on a sidewalk holding a large object and discarding it before walking away. The discarded object was immediately found to be a loaded rifle. After defendant was arrested, he did not expressly admit to possessing the rifle but told the police "I can get you two more guns if you let me walk on this rifle." The parties stipulated[2] and the jury was told "that the defendant has been convicted of

---

[2]During motions *in limine*, defendant argued that his prior convictions were so prejudicial that the trial should be bifurcated, with the jury first determining whether he possessed a firearm and only then being informed of the predicate felonies. The court suggested informing the jury "merely that he has

two qualifying felonies under cases number 08 CR 13500 and 07 CR 5014." The jury found defendant guilty of AHC and UUWF. Defendant's presentence investigation report reflected, in relevant part, that he had five prior felony convictions for controlled substance offenses (two in 1999, one each in 2001, 2003, and 2004), in addition to his 2007 AUUW conviction and 2008 UUWF and AUUW convictions.

¶ 12    In its response brief filed before the ruling in *People v. Burns*, 2015 IL 117387, the State argues that defendant's merged AHC and UUWF convictions need not be reversed because the predicate felony convictions in case Nos. 07 CR 5014 and 08 CR 13500 are based on the Class 2 version of AUUW, which has not been declared unconstitutional, and that the merged UUWF conviction is properly based on the predicate felony of UUWF.

¶ 13    On the date of this 2012 offense, the unlawful use of a weapon (UUW) statute, with certain exceptions, essentially prohibited a person from carrying or concealing on or about his person, or in any vehicle, a firearm except when on his land or in his abode or fixed place of business (720 ILCS 5/24-1(a)(4) (West 2012)). The elements of the AUUW offense are set forth in section 24-1.6(a) (720 ILCS 5/24-1.6(a) (West 2012)) and generally prohibit possession of a firearm on or about a person or in a vehicle or on a public way or within the corporate limits of a municipality "and one of nine factors is present." *People v. Burns*, 2015 IL 117387, ¶ 23. Both the UUW and the AUUW statute prohibit the same conduct. However, the existence of any one of the additional factors enumerated in section 24-1.6(a)(3) (720 ILCS 5/24-1.6(a)(3) (West 2012)), *i.e.*, the firearm "was uncased, loaded and immediately accessible" or the defendant had not been issued a FOID card, elevates the offense classification from a misdemeanor to different levels of felony classification and corresponding punishment. 720 ILCS 5/24-1.6(d) (West 2012).

¶ 14    One's right to carry a gun outside of the home was discussed in *People v. Aguilar*, 2013 IL 112116. Our supreme court adopted the reasoning of *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), and held that the second amendment right to keep and bear arms extends beyond the home. *Aguilar*, 2013 IL 112116, ¶¶ 19-20. The court further held that, "on its face, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution" because, while "we are in no way saying that such a right is unlimited or is not subject to meaningful regulation" "we are dealing not with a reasonable regulation but with a comprehensive ban" on possessing an operable firearm outside one's home. *Id.* ¶¶ 21-22. "In other words, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) amounts to a wholesale statutory ban on the exercise of a personal right ***." *Id.* ¶ 21.

¶ 15    *Aguilar* was qualified in our supreme court's decision in *People v. Burns*, 2015 IL 117387, ¶ 22. In *Burns*, our supreme court "acknowledge[d] that our reference in *Aguilar* to a 'Class 4 form' of the [AUUW] offense was inappropriate. No such offense exists. There is no 'Class 4

been convicted of a qualifying felony, period." The State opposed bifurcation. The court denied bifurcation and reiterated that it could "simply say qualifying felony" with the case number, unless defendant testified, as "then I cannot do any mere-fact impeachment *** anymore." The parties agreed that the jury would be told that defendant had qualifying felony offenses with the case numbers. During trial, the parties entered into the stipulation after trial counsel confirmed that "those are, in fact, his prior felony convictions."

form' or 'Class 2 form' of AUUW." *Id.* The *Burns* court accepted the defendant's argument that "[t]here is only one offense of AUUW based on section 24-1.6(a)(1), (a)(3)(A) and a prior felony conviction is not an element of that offense. Rather, a prior felony conviction is a sentencing factor which elevates the offense, for penalty purposes, from a Class 4 felony to a Class 2 felony." *Id.* ¶ 20. Our supreme court clarified that Class 2 AUUW—that is, AUUW committed by a felon—is unconstitutional under the same circumstances and statutory provisions as Class 4 AUUW expressly addressed in *Aguilar* and therefore held that "section 24-1.6(a)(1), (a)(3)(A) of the statute is facially unconstitutional, without limitation," because "[i]t would be improper for this court to condition the constitutionality of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute on the State's proof of a defendant's felon status when the legislature did not make that requirement an element of the offense." *Id.* ¶¶ 25, 30.

¶ 16       *Burns* did not alter the core result in *Aguilar*. Second amendment rights remain protected by the scope of the *Aguilar* ruling. However, *Burns* did remove any question as to its applicability: every person is protected without regard to their criminal background. *Burns*, 2015 IL 117387, ¶ 32 (section 24-1.6(a)(1), (a)(3)(A) "is not enforceable against anyone") .

¶ 17       Our supreme court decided *People v. McFadden*, 2016 IL 117424, on June 16, 2016, which involved a direct appeal from a UUWF conviction for possessing a firearm after having a prior conviction for AUUW. On direct appeal, McFadden argued that his UUWF conviction should be vacated because it was predicated on his prior AUUW conviction, which was entered under the section of the statute that was held facially unconstitutional in *Aguilar*, and thus, the State failed to prove all of the elements of the offense. *People v. McFadden*, 2014 IL App (1st) 102939. We vacated the defendant's UUWF conviction on the basis that the predicate offense of AUUW was void *ab initio* based on *Aguilar*. *Id.* ¶ 43.

¶ 18       Reversing, our supreme court held that defendant's status as a felon was not affected by *Aguilar*. *McFadden*, 2016 IL 117424, ¶ 13. The *McFadden* court examined the language of the UUWF statute, which prohibits a person from knowingly possessing a firearm " 'if the person has been convicted of a felony under the laws of this State or any other jurisdiction.' " *Id.* ¶ 27 (quoting 720 ILCS 5/24-1.1(a) (West 2008)). The court explained "the language of the statute [(UUWF)] requires the State to prove only 'the defendant's felon status,' " and does not require that the State prove the predicate offense at trial. *Id.* (quoting *People v. Walker*, 211 Ill. 2d 317, 337 (2004)); 720 ILCS 5/24-1.1(a) (West 2008). The court expressly found that "[n]othing on the face of the statute suggests any intent to limit the language to only those persons whose prior felony convictions are not later subject to vacatur" and further found that "the language of section 24-1.1(a) is 'consistent with the common-sense notion that a disability based upon one's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated.' " *McFadden*, 2016 IL 117424, ¶¶ 27, 29 (quoting *Lewis v. United States*, 445 U.S. 55, 61 n.5 (1980)). In addition, the court found that because the purpose of the UUWF statute is to protect the public from persons who are potentially dangerous and irresponsible, it is immaterial if the predicate conviction is subsequently found invalid for any reason. *Id.* ¶ 29 As a result, the court found that the UUWF statute is a "status offense" and that the legislature intended that a defendant must clear his felon status through the judicial process by having his prior felony conviction vacated or expunged prior to obtaining a firearm and explained:

"It is axiomatic that no judgment, including a judgment of conviction, is deemed vacated until a court with reviewing authority has so declared. As with any conviction,

- 5 -

a conviction is treated as valid until the judicial process has declared otherwise by direct appeal or collateral attack. Although *Aguilar* may provide a basis for vacating defendant's prior 2002 AUUW conviction, *Aguilar* did not automatically overturn that judgment of conviction. Thus, at the time defendant committed the UUW by a felon offense, defendant had a judgment of conviction that had not been vacated and that made it unlawful for him to possess firearms." *Id.* ¶ 31.

¶ 19     In this case, the parties filed supplemental briefs discussing *McFadden*'s impact on issues defendant presented. Defendant now argues that the AHC statute, which is distinguishable from both the UUW statute at issue in *McFadden* and the federal felon-in-possession of a firearm statute in *Lewis*, is not satisfied by proof of a prior conviction that violates the second amendment. The State responds that this court has already considered and rejected this argument in *People v. Perkins*, 2016 IL App (1st) 150889.

¶ 20     In *Perkins*, we applied the *McFadden* analysis to an AHC conviction. Perkins was convicted as an AHC and filed a postconviction petition alleging the State failed to prove him guilty beyond a reasonable doubt because his AHC conviction was predicated on the AUUW statute found facially unconstitutional under *Aguilar* and therefore his AUUW conviction was void *ab initio*. *Id.* ¶ 2. The State appealed from the trial court's order granting postconviction relief. *Id.* ¶ 3.

¶ 21     Before this court on appeal, Perkins argued that *McFadden*'s reasoning was limited to the offense of UUWF because "UUWF impose[d] a 'status-based disability' that precludes any convicted felon from possessing a firearm" whereas "the offense of [AHC] requires the State to prove that the defendant was convicted of specific enumerated offenses." *Id.* ¶ 6. Perkins further argued that UUWF imposed a " 'status-based disability,' " whereas the AHC conviction " 'imposes a conduct-based disability *** based on a defendant's commission of specific acts,' " and therefore "because the *conduct* of which he was previously convicted—possession of a firearm—was constitutionally protected, it cannot serve as a predicate for his [AHC] conviction." (Emphasis in original.) *Id.*

¶ 22     The *Perkins* court rejected defendant's attempt to distinguish the UUWF offense from the AHC offense in this context as a "distinction without a difference." *Id.* ¶ 7. We explained:

"In order to sustain its burden to prove that a defendant is an [AHC], the State need only prove the fact of the prior convictions of enumerated offenses [citations], just as the State need only prove the fact of a prior felony conviction to support a UUWF conviction. Nothing in the [AHC] statute requires a court to examine a defendant's underlying conduct in commission of the enumerated offenses in order to find that the State has sustained its burden of proof. And because here, as in *McFadden*, Perkins' prior convictions had not been vacated prior to his [AHC] conviction, they could properly serve as predicates for that conviction." *Id.*

¶ 23     Defendant acknowledges *Perkins* but argues it was wrongly decided. We disagree and find the reasoning employed in *Perkins* applies and defeats defendant's attempt to distinguish the AHC statute in this case from the UUWF statute in *McFadden*. Because defendant failed to vacate his prior AUUW conviction prior to the time he possessed a firearm in this case, the prior AUUW conviction could serve as the predicate offense for his AHC conviction. *Id.* ¶ 10. Accordingly, we reject defendant's argument.

¶ 24     Defendant also argues that *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), and *Ex parte Siebold*, 100 U.S. 371 (1880), mandate that defendant's convictions for both

AHC and UUWF be vacated. Defendant claims that the *McFadden* court did not consider the impact of *Montgomery* and *Siebold*, which prevent states from punishing citizens based on a law that is facially unconstitutional, on the issue of whether a facially unconstitutional conviction can be used as a predicate offense for UUWF, let alone an AHC offense.

¶ 25    We reject defendant's argument that the *McFadden* court did not consider *Montgomery*. Defense counsel in *McFadden* was granted leave to cite *Montgomery* as additional authority and in response to the defendant's reliance on *Montgomery*, the State argued that the United States Supreme Court decision in *Lewis* was controlling. Our supreme court agreed. *People v. Smith*, 2017 IL App (1st) 122370-B, ¶ 28; *McFadden*, 2016 IL 117424, ¶ 34; *Perkins*, 2016 IL App (1st) 150889, ¶ 9.

¶ 26    In view of the foregoing, we review defendant's convictions. In count I, defendant was charged with AHC, which required the State to plead and prove the essential element of at least two enumerated prior felony convictions. The State alleged and proved by way of stipulation that defendant was previously convicted of a "qualifying" felony in case No. 07 CR 5014 and case No. 08 CR 13500.

¶ 27    Defendant's felony conviction in case No. 07 CR 5014 was alleged as an element of the AHC offense, and may serve as a predicate felony pursuant to *McFadden* because there is no evidence presented that the conviction in case No. 07 CR 5014 was vacated by any judicial process. Therefore the case No. 07 CR 5014 conviction can properly serve as proof of an essential element of one of two prior felony convictions necessary to prove the offense of AHC as charged in count I. We affirm defendant's conviction on count I.

¶ 28    *McFadden* is also dispositive of defendant's claim that his UUWF conviction is invalid because the predicate felony conviction (case No. 07 CR 5014) in case No. 08 CR 13500 is constitutionally invalid under *Aguilar* and *Burns*. Count II charged defendant with UUWF—possession of a firearm "after having been previously convicted of the [*sic*] felony offense." The State proved by stipulation one felony required for this charge: a felony conviction under case No. 08 CR 13500. An essential element of proof was that the defendant's status as a felon be established beyond a reasonable doubt, not that a particular or specific felony be proved or that the felony was charged under a specific or indentified case number. As discussed, defendant did not vacate his felony conviction for AUUW in case No. 07 CR 5014, and therefore it properly served as a predicate felony for case No. 08 CR 13500, which the State used to prove defendant's status as a felon. In any event, in case No. 08 CR 13500, defendant was convicted of six firearm related felony counts, of which four were for AUUW. Two of those counts were for possession of a firearm without a valid FOID card under section 24-1.6(a)(1), (a)(3)(C) (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2006)). Our supreme court has found AUUW based on not having a valid FOID card under section 24-1.6(a)(1), (a)(3)(C) to be constitutional and severable from the unconstitutional "forms" of AUUW. *People v. Mosley*, 2015 IL 115872, ¶¶ 31, 36. We therefore affirm defendant's conviction for UUWF.

¶ 29                                    CONCLUSION

¶ 30    For the foregoing reasons, we affirm defendant's conviction for AHC and UUWF.

¶ 31    Affirmed.

¶ 32         PRESIDING JUSTICE HYMAN, specially concurring.

¶ 33         I agree with my colleagues that *People v. McFadden* controls the result. I write separately, as I did in my special concurrence in *People v. Spivey*, 2017 IL App (1st) 123563, to urge the legislature to amend the relevant statutes to indicate that if a person was convicted under the unconstitutional AUUW statute, that void conviction may not be used to enhance a later charge. This would undo the residual effect of the continued viability of convictions obtained under a statute that has been declared void *ab initio* and without legal consequence.